**Pamalee CHAMBERS,**
**Plaintiff–Appellee,**
**Cross–Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE**
**COMPANY, Defendant–Appellant,**
**Cross–Appellee.**

No. 89–8074.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1990.

Nancy J. Anderson, Kathryn F. Green, Southwest Bell Telephone Co. Legal Dept., San Antonio, Tex., for defendant-appellant, cross-appellee.

Mark Z. Levbarg, Levbarg & McGowan, Austin, Tex., for plaintiff-appellee, cross-appellant.

Before RUBIN, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Southwestern Bell Telephone Company appeals a judgment for Pamalee Chambers

on a claim under 42 U.S.C. § 1981 that her dismissal was in retaliation for filing complaints under Title VII of the 1964 Civil Rights Act. We find that § 1981 does not reach Bell's alleged conduct, and reverse the judgment.

## I

In January and May of 1984, Pamalee Chambers filed two complaints with the EEOC in Corpus Christi, Texas, alleging racially discriminatory harassment by her supervisor. This supervisor and two others allegedly retaliated by inserting critical evaluations into Chambers' personnel file. In June of 1984, Chambers transferred to the Austin office of Bell, and on October 25, 1985, Bell dismissed her, Bell says, for placing harassing telephone calls while at work.

Chambers sued Bell on December 1, 1986, claiming that Bell fired her in retaliation for her earlier EEOC complaints. Her original complaint stated claims under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and § 1981, but Chambers abandoned her Title VII claim.

On January 30, 1989, Bell moved to stay proceedings pending the Supreme Court's decision in *Patterson v. McLean*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The district court denied the motion, citing judicial economy and an already lengthy delay. On March 9, 1989, a jury found that Bell had retaliated against Chambers. Bell now appeals to this court arguing that *Patterson* bars the claim and that the evidence is insufficient to support the verdict.

## II.

In *Patterson v. McLean*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132, the Supreme Court limited the reach of § 1981 to conduct involving the making or enforcing of contracts and affirmed the dismissal of a racial harassment claim. The Court rested on the language of § 1981 and the need for harmony with the conciliation procedures of Title VII. Bell urges us to apply *Patterson* retroactively and vacate the damages awarded to Chambers.

In *Carroll v. General Accident Ins. Co. of America*, 891 F.2d 1174 (5th Cir.1990), *Lavender v. V & B Transmissions and Auto Repair*, 897 F.2d 805 (5th Cir.1990), and *Carter v. South Central Bell*, 912 F.2d 832, 833 (5th Cir.1990), we observed the general rule that an appellate court applies the law in effect at the time of its decision and evaluated the effect of retroactive application in light of the considerations set forth by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). We found that although *Patterson* established a new principle of law, retroactive application better served the purpose of § 1981 and Title VII and did not result in substantial inequities.

Like the plaintiffs in *Lavender* and *Carter*, Chambers did not rely on § 1981 in foregoing her Title VII claim, but she adds one additional twist. She contends that we should not apply *Patterson* retroactively to her § 1981 claim because Bell foreclosed her Title VII claim by telling her that her personnel file contained favorable reports when in fact the file contained critical reports. The result is said to be that timing of permitted file reviews by employees prevented her from discovering the allegedly retaliatory reports in time to pursue a Title VII claim. Assuming this to be true, it would offer no comfort to Chambers. The law before *Patterson* had no lulling role here, and the absence of a Title VII remedy in a given case works no corresponding expansion of § 1981. Compare *Gonzalez v. Home Ins. Co.*, 909 F.2d 716, 723 (2d Cir.1990) (stating that *Patterson* did not imply that § 1981 has a broader scope for contracts not actionable under Title VII). Every circuit addressing the issue has applied *Patterson* retroactively without regard to the merit of a parallel claim under Title VII. *See Bailey v. Northern Indiana Pub. Service Co.*, 910 F.2d 406 (7th Cir.1990); *Gonzalez*, 909 F.2d at 716; *McKnight v. General Motors*, 908 F.2d 104 (7th Cir.1990); *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845 (9th Cir.1990); and *Matthews v. Freedman*, 882 F.2d 83 (3d Cir.1989).

Since *Patterson*, this circuit and others have seen *Patterson* as a bar to a variety of postformation conduct. In *Carroll*, 891 F.2d at 1174, we held that *Patterson* precluded recovery for discriminatory treatment and constructive discharge under § 1981. Similarly, in *Lavender*, 897 F.2d at 805, we held that *Patterson* barred a discriminatory discharge claim under § 1981. We most recently applied *Patterson*'s bar to a retaliatory discharge claim in *Carter*, 912 F.2d at 839–40. *See also Gonzalez v. Home Ins. Co.*, 909 F.2d 716 (2d Cir.1990); *McKnight v. General Motors Corp.*, 908 F.2d 104 (7th Cir.1990); and *Courtney v. Canyon Television and Appliance Rental*, 899 F.2d 845 (9th Cir. 1990). *But see Hicks v. General Motors Corp.*, 908 F.2d 104 (8th Cir.1990); and *Kriegel v. Home Ins. Co.*, 739 F.Supp. 1538 (N.D.Ga.1990).

Unlike constructive and discriminatory discharges, retaliatory discharge may implicate the right to enforce contracts. Retaliation or threats of retaliation calculated to deter the legal enforcement of contractual rights falls within the express ambit of § 1981. *Patterson*, 109 S.Ct. at 2373. The rub is that Chambers' claim is that Bell retaliated for her asserting rights under Title VII. We reaffirm our recent decision in *Carter*, guided by the Supreme Court's statement that "the right to enforce contracts does not ... extend beyond conduct by an employer which impairs an employee's ability to enforce through legal processes his or her established *contract* rights." *Patterson*, 109 S.Ct. at 2373 (emphasis added). *See McKnight v. General Motors Corp.*, 908 F.2d 104, 111–12 (7th Cir.1990); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1535 (11th Cir.1990); and *Overby v. Chevron USA Inc.*, 884 F.2d 470 (9th Cir.1989). ˙*But see Jordan v. U.S. West Direct Company*, 716 F.Supp. 1366 (D.Colo.1989). Title VII provides an express remedy for employer conduct in retaliation for pursuing rights created by Title VII. *See* 42 U.S.C. § 2000e–3(a).

Because we find that *Patterson* bars Chambers' § 1981 claim, we do not review the sufficiency of the evidence. The judgment is REVERSED.