**Joseph Matthew TURNER, Arthur R. Robinson, and Joshua Delano Smith, Plaintiffs,**

v.

**CITY OF BEAUMONT, Defendants.**

**Civ. A. No. 1:92–CV–60.**

United States District Court,
E.D. Texas,
Beaumont Division.

March 11, 1993.

stoppage. They called a press conference as a protest against the City's alleged refusal to give them a fair hearing on certain complaints. The City fired numerous employees due to their participation.

Plaintiffs Turner and Robinson filed employment discrimination complaints against the City claiming they were demoted because of their actions. Plaintiff Smith asserts he attended and supported the press conference although he did not participate in the work stoppage. All three plaintiffs claim the following causes of action:

1. The City retaliated against them because of their good faith report of race discrimination in the workplace;

2. The City retaliated against them because of their good faith report of a violation of the law in the workplace; and

3. The City, as a matter of custom, practice, and policy, permitted a racially hostile environment to exist in the City's workplace.

## DISCUSSION

### Whistle Blower and Illegal Strike Claims

Plaintiffs claim that they were fired in retaliation for their good faith report of race discrimination in the workplace, in violation of the Texas Whistle Blower's Act, which states in relevant part:

A state or local governmental body may not suspend or terminate the employment of, or otherwise discriminate against, a public employee who reports a violation of law to an appropriate law enforcement authority if the employee report is made in good faith.

Tex.Rev.Civ.Stat. art. 6252–16a § 2 (Vernon Supp.1993).

Defendant argues that by walking off their jobs in an organized work stoppage, Plaintiffs forfeited any right to bring a claim under the Whistle Blower's Act, in that:

It is declared to be against public policy of the State of Texas for public employees to engage in strikes or organized work stoppages against the State of Texas or any political subdivision thereof. Any such

Robert M. Wood, Woodville, for plaintiff.

Joseph P. Sanders, Asst. City Atty., Beaumont, for defendant.

*ORDER*

COBB, District Judge.

### FACTS

This is an employment discrimination case. On October 4, 1991, some of the City of Beaumont's black employees staged a work

employee who participates in such a strike shall forfeit all civil service rights, re-employment rights and any other rights, benefits, or privileges which he enjoys as a result of his employment or prior employment, providing, however, that the right of an individual to cease work shall not be abridged so long as the individual is not acting in concert with others in an organized work stoppage.

Tex.Rev.Civ.Stat. art. 5154c(3) (Vernon 1962). *Defendant cites no authority for its conclusion.*

■ While the statute cited by the City shows Defendant had a *right* to fire Plaintiffs, it does not address Plaintiffs' claim that Defendant violated the Texas Whistle Blower's Act because its underlying motivation was retaliatory. In sum, Plaintiffs claim the City retaliated against them because of their good faith report of race discrimination in the workplace. The City denies this was the reason for Plaintiffs' firing. Since a fact question exists, summary judgment is denied as to this issue. ·

### First Amendment Claims

Defendant asserts that the plaintiffs' 42 U.S.C. § 1983 claim fails because Plaintiffs' press release accusing the City of discriminatory employment practices did not raise a matter of "public concern." This court disagrees.

The Fifth Circuit discussed ·this issue in *Dodds v. Childers,* 933 F.2d 271 (5th Cir. 1991):

Whether speech is protected by the First Amendment is a question of law to be determined by the court. A public employee's speech is entitled to judicial protection under the First Amendment only if addresses a matter of "public concern." This "must be determined by the content, form, and context of a given statement, as revealed by the whole record." If the *speech does not address a matter of public concern,* a court will not scrutinize the reasons motivating a discharge that was allegedly in retaliation for that speech.... [I]ssues rise to the level of public concern *if an individual speaks primarily as a citizen rather than as an employee, or if the*

information conveyed would be of "relevance to the public's evaluation of the performance of government agencies." The existence of an element of personal interest on the part of an employee in the speech does not prevent finding that the speech as a whole raises issues of public concern.

*Id.* at 273 (footnotes and citations omitted).

■ When the court examines the disputed speech, it must look at each activity for which First Amendment protection is claimed. *Johnson v. Lincoln Univ. of Com.,* 776 F.2d 443, 451 (3d. Cir.1985). The mere fact that an employee's statement is an "outgrowth of his personal dispute" does not prevent some aspect of it from touching a matter of public concern. *Id.* In fact, speech touches upon a matter of public concern "when it can be fairly considered as relating to any matter of political, social, or other concern to the community." *Id.* at 452, *quoting Connick v. Meyers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 1689–90, 75 L.Ed.2d 708.

■ A city employee's statement opposing the City's discriminatory employment practices is a matter of public concern for purposes of determining whether speech was constitutionally protected. *See e.g., Polson v. Davis,* 635 F.Supp. 1130, 1137 (D.Kan.1986) ("public has a great interest in seeing that its officials do not discriminate in the employment of that half of the population which happens to be female").

■ There is a question of fact in the case at bar whether the plaintiffs' statements were a "motivating factor" in their termination or whether they would have been terminated absent these protected statements. Defendant argues that Plaintiffs' walkout press release makes no mention whatsoever about discrimination in the work place. Defendant did not, however, provide this court with the press release. There is no evidence before the court proving Defendant's contention. Summary judgment as to this issue is therefore denied.

### 42 U.S.C. § 1981 Claims

■ Plaintiffs alleged that the City of Beaumont violated their 42 U.S.C. § 1981 rights by:

1.  Retaliating against them because of their good faith report of race discrimination in the City's workplace; and

2.  Permitting a racially hostile work environment to exist in the City's workplace.

The City, citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), correctly argues that Section 1981 only prohibits discrimination in the making and enforcement of contracts and problems that arise later as a *condition* of employment are not actionable under Section 1981.

■ Plaintiffs brought their cause of action under the wrong statute. *See e.g., Carter v. South Cent. Bell Tel. Co.*, 912 F.2d 832, 839–40 (5th Cir.1990) (*Patterson* bars Section 1981 claim of retaliatory dismissal for filing Title VII complaint); *Chambers v. Southwestern Bell Tel. Co.*, 917 F.2d 5, 6 (5th Cir.1990) (claims for discriminatory discharge of an at-will employee not cognizable under Section 1981). *Patterson* clearly holds that Section 1981 is inapplicable to an employee discrimination or harassment case *after* the employment contract begins. *Patterson*, 491 U.S. at 176, 109 S.Ct. at 2372. If the employer discriminates in *hiring*, Section 1981 applies because that relates to the formation of a contract. *Id.* But any subsequent causes of action that arise for discrimination are properly brought under Title VII, not Section 1981.[1] *Id.* at 180, 109 S.Ct. at 2379–80; *see also Carter v. South Cent. Bell*, 912 F.2d 832, 840 (5th Cir.1990).

Applying the case law to the case at bar, Plaintiffs' first cause of action must fail. Even if this court assumes the City fired them in retaliation for their good faith report of racial discrimination in the City's work-place, retaliatory discharge is not actionable under Section 1981 as a matter of law.

■ As to Plaintiffs' second contention under Section 1981 (permitting a racially hostile work environment to exist in the City's workplace), *Patterson* again disallows their cause of action. The Supreme Court held that racial harassment is not actionable under Section 1981 but is actionable under Title VII. *Patterson*, 491 U.S. at 179–80, 109 S.Ct. at 2374. The Court reasoned that conditions constituting racial harassment which occur after the employment contract begins do not implicate the clear intent of Section 1981. *Id.*

The Supreme Court said there is an exception to the general rule. If an employee is passed over for promotion due to discrimination, this could be construed as impairment of the formation of a new contract. *Id.* 491 U.S. at 185, 109 S.Ct. at 2377. But the promotion must involve an opportunity to effectively enter into a new contract with the employer. *Id.* Here, Plaintiffs are suing for discrimination that occurred after they were hired. The alleged discrimination had nothing to do with the creation of an employment contract. Instead, it related to their ongoing employment conditions. Such discrimination is actionable under Title VII but not under Section 1981. Since Plaintiffs' Original Petition only claims a cause of action under Section 1981, this court grants summary judgment as to these claims.

**CONCLUSION**

Questions of fact remain as to Plaintiffs' Whistle Blower, illegal strike and First Amendment claims. As to these claims, it is ordered that Defendant City of Beaumont's Motion for Summary Judgment is DENIED.

---

1.  There is a question of whether the Civil Rights Act of 1991 (the Act) applies retroactively. If it does, Plaintiffs may have a viable cause of action.

    The Act amended Section 1981. The revised statute provides:

    > For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    42 U.S.C. § 1981(b) (Supp.1992). The work stoppage occurred on October 4, 1991. The City fired the plaintiffs on October 11, 1993. The effective date of the Civil Rights Act of 1991 was November 21, 1991. Thus, the events giving rise to this cause of action occurred before the Act's effective date.

    Next October, the Supreme Court will review *Landgraf v. USI Film Products*, 968 F.2d 427 (5th Cir.1992). 61 U.S.L.W. 1121–22 (Feb. 23, 1993). In that case, the Fifth Circuit held the Civil Rights Act of 1991 did not apply retroactively. *Landgraf*, 968 F.2d at 432. Since the Supreme Court will not resolve this issue until October, this court must follow the law as it stands.

As to Plaintiffs' 42 U.S.C. § 1981, the Defendant's Motion for Summary Judgment is GRANTED.