TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00138-CV






Pamalee Chambers, Appellant



v.



Mark Z. Levbarg, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 97-04769, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 






 Pamalee Chambers appeals pro se from the trial court's rendition of summary
judgment against her in her legal malpractice action against appellee Mark Z. Levbarg. We will
affirm the trial court's judgment.


Factual and Procedural Background


 In 1986, Levbarg won a judgment in Chambers's favor in an employment
discrimination-retaliation suit against her former employer. During the pendency of the
employer's appeal, the Supreme Court decided a case that the Fifth Circuit found controlling and
retroactive in its application, which resulted in a reversal of the judgment that the federal district
court had rendered in Chambers's favor. (1) Chambers then fired Levbarg. Levbarg formally
withdrew from representation in November 1990; new counsel represented Chambers on motion
for rehearing in the Fifth Circuit and on petition for writ of certiorari.

 On April 21, 1997, Chambers sued Levbarg for malpractice. She pleaded the
discovery rule. Levbarg answered, filing a verified pleading of limitations. On September 12,
1997, Levbarg moved for summary judgment and filed his affidavit in support of that motion. 
Chambers tendered a controverting affidavit October 3, 1997. The hearing on Levbarg's motion
for summary judgment was set October 6, 1997. After hearing argument, the trial court rendered
judgment in Levbarg's favor. Chambers filed a motion for new trial, which the trial court
overruled after holding a hearing on the motion.

 On appeal, Chambers raises eight issues (labeled A-H). In issue A, Chambers
contends that the trial court erred in granting Levbarg's motion for summary judgment, the issue
we will address first. We will detail the other issues as we dispose of them.


Discussion



 On review of a summary judgment, the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The dispositive issue is not whether the summary-judgment proof raises fact
issues, but whether the summary-judgment proof establishes as a matter of law that there is no
genuine issue of material fact. See Gibbs v. General Motors Corp. 450 S.W.2d 827, 828 (Tex.
1970).

Statute of Limitations for Legal Malpractice


 The two-year statute of limitations governs a cause of action for legal malpractice. 
See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2000); Willis v. Maverick, 760
S.W.2d 642, 644 (Tex. 1988); Poth v. Small, Craig & Werkenthin, L.L.P., 967 S.W.2d 511, 514
(Tex. App.--Austin 1998, pet. denied). The discovery rule applies to legal malpractice actions. 
See Willis, 760 S.W.2d at 646. The statute of limitations for a legal malpractice action does not
begin to run until the claimant discovers or should have discovered through the exercise of
reasonable care and diligence the facts establishing the elements of claimant's cause of action. 
See id. The issue of when a cause of action accrues is a question of law for the court. See
Moreno v. Sterling Drug, 787 S.W.2d 348, 351 (Tex. 1990).

 A defendant who moves for summary judgment based on the affirmative defense
of limitations assumes the burden of showing as a matter of law that limitations bar the suit. See
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999);
Ponder v. Brice & Mankoff, 889 S.W.2d 637, 641 (Tex. App.--Houston [14th Dist.] 1994, writ
denied). Specifically, the movant must: (1) conclusively prove when the cause of action accrued,
and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by
proving as a matter of law there is no genuine issue of fact concerning when the plaintiff
discovered or should have discovered the nature of its injury. See KPMG, 988 S.W.2d at 748;
Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990). A defendant moving for summary judgment
based on an affirmative defense, such as limitations, must conclusively prove the defense by
uncontradicted summary-judgment proof. See Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.
1983); Kazmir v. Suburban Homes Realty, 824 S.W.2d 239, 242-43 (Tex. App.--Texarkana 1992,
writ denied). If a movant establishes that the statute of limitations bars the action as a matter of
law, the nonmovant must then adduce summary-judgment proof raising a fact issue in avoidance
of the statute of limitations. See KPMG, 988 S.W.2d at 748; Gonzalez v. Phoenix Frozen Foods,
Inc., 884 S.W.2d 587, 589 (Tex. App.--Corpus Christi 1994, no writ).

 Except with leave of court, affidavits and other written responses to a motion for
summary judgment must be filed not later than seven days before the hearing. See Tex. R. Civ.
P. 166b(c). For a late affidavit to be considered part of the summary-judgment proof, the record
must contain affirmative indication that the trial court permitted late filing. Watkins v.
Williamson, 869 S.W.2d 383, 387 (Tex. App.--Dallas 1993, no writ); Texas Airfinance Corp. v.
Lesikar, 777 S.W.2d 559, 563 (Tex. App.--Houston [14th Dist.] 1989, no writ). If no such
indication appears in the record, we must presume that the trial court did not consider a late-filed
affidavit. See INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985); Texas Airfinance, 777
S.W.2d at 563. Assertions of fact in live pleadings, not framed in the alternative, constitute
formal judicial admissions. See Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex.
1983); Manahan v. Meyer, 862 S.W.2d 130, 133 (Tex. App.--Houston [1st Dist.] 1993, writ
denied).


The Summary-Judgment Proceeding

 Levbarg filed an affidavit in support of his motion for summary judgment. In the
affidavit, he averred that Chambers threatened to sue him for malpractice as early as 1988. 
Levbarg, in the same affidavit, also stated that Chambers had approached Bert Pluymen, an
attorney in Austin, in 1991 about suing Levbarg for malpractice. (2)

 Chambers did not timely file a controverting affidavit. The record does not show
any indication that the trial court allowed late filing. See Watkins, 869 S.W.2d at 387. Thus, the
record contains direct uncontradicted evidence that the appropriate statute of limitations bars the
claim based on Levbarg's statement that Chambers threatened him with a malpractice suit in 1988.
His affidavit also proves that another attorney contacted him in 1991 concerning a possible
malpractice suit by Chambers against Levbarg. See INA, 686 S.W.2d at 615 (presume late-filed
controverting affidavits not considered). Therefore, we can conclude that Chambers knew or
should have known the facts establishing her cause of action not later than the end of 1991. See
Willis, 760 S.W.2d at 646. Levbarg's summary-judgment evidence conclusively proved when
Chambers's alleged cause of action accrued and negated the discovery rule by proving that
Chambers knew about her cause of action for legal malpractice by the end of 1991. See KPMG,
988 S.W.2d at 748.

 The summary-judgment record, besides Levbarg's affidavit, otherwise supports the
summary judgment. The record shows an August 1988 letter from Chambers to Levbarg
expressing dissatisfaction with his representation and accusing him of several mistakes in handling
her case even before the Fifth Circuit judgment. Chambers fired Levbarg in 1990. Other counsel
represented Chambers on motion for rehearing and on petition for writ of certiorari. The motion
for rehearing of the denial of writ of certiorari was overruled in December 1991. (3) At that point,
Chambers knew or should have known that she had an adverse result from the litigation in which
Levbarg had represented her, Levbarg no longer represented her, and she had other lawyers to
consult concerning Levbarg's conduct of the case.

 The record contains February 1992 correspondence between Chambers and attorney
Elliott Flood concerning Flood's "substituting" for Levbarg. (4) Flood informed Chambers that he
was representing Chambers only in her claim against her employer. The letter states that he was
not representing her with respect to her "other claims" and told her that his advice in a previous
letter still held--the statute of limitations was running out and she should seek alternative counsel
on her other claims as soon as possible. Finally, Chambers in her pleadings states that she "did
not know" of her right to file a grievance or to sue for malpractice before November 1994, more
than two years before she sued.

 The summary-judgment record supports several possible dates from which the
statute of limitations began to run, all of them at least two years before Chambers filed suit in
April 1997. Although Chambers asserts concealment of her cause of action, as detailed
previously, the record does not support that claim. (5) Accordingly, we overrule issue A.


Other Issues Presented


 Chambers's other issues have been waived for a variety of reasons (lack of record
references, lack of citation of authority, lack of argument, and, in several instances, a statement
of the issues appearing in the preliminary list of issues only and nowhere else). See Tex. R. App.
P. 38.1(h); In re Williams, 998 S.W.2d 724, 730 (Tex. App.--Amarillo 1999, no pet.); Cherco
Properties, Inc. v. Law, Snakard & Gambill, P.C., 985 S.W.2d 262, 266-67 (Tex. App.--Fort
Worth 1999, no pet.); see also Tex. R. App. P. 47.1 (opinion to be as brief as practicable to
decide issues necessary to final disposition). Nevertheless, we will attempt to address them briefly
in the interest of justice.

 We note that Chambers has acted pro se. However, litigants choosing to act pro
se must comply with the applicable procedural rules and are held to the same standards that apply
to licensed attorneys. (6) See In re Estate of Dilasky, 972 S.W.2d 763 (Tex. App.--Corpus Christi
1998, no pet.); Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex. App.--Amarillo 1997, no
writ). To treat the pro se litigant differently would accord an unfair advantage over litigants
represented by counsel. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184 (Tex. 1978);
Lin v. Houston Community College Sys., 948 S.W.2d 328, 336 (Tex. App.--Amarillo 1997, writ
denied). (7)

 In issues F, G and H, Chambers contends Levbarg concealed causes of action,
committed malpractice by failing to inform her of her rights under her unions' collective
bargaining agreement, and committed malpractice by failing to inform her of her rights under the
civil rights act. Issue F has been addressed in the discussion of the summary judgment and is
overruled. Issues G and H concern the merits of the malpractice claim, which we do not reach,
and are overruled.

 In issue B, Chambers complains that one district judge abused his discretion in
failing to grant appellant's motion for continuance while discovery was pending. We will not
disturb a trial court's denial of a motion for continuance except upon a showing of a clear abuse
of discretion. See Villegas v. Carter, 711 S.W.2d 626, 626 (Tex. 1986); Levinthal v. Kelsey-Seybold Clinic, P.A., 902 S.W.2d 508, 509 (Tex. App.--Houston [1st Dist.] 1994, no writ). In
this case, any pending discovery was not relevant to the limitations issue, an issue appropriate to
resolve by summary judgment before reaching the merits of the underlying claim. Further,
Chambers, the plaintiff in the action, did not request any discovery until six months after filing
suit. Cf. Levinthal, 902 S.W.2d at 510-11 (plaintiff sought discovery simultaneously with filing
of petition, discovery was material to no-evidence summary judgment, and case only on file for
three months). We overrule issue B.

 In issue D, Chambers complains that a second district judge, during the hearing on
motion for new trial, abused her discretion by not admitting into evidence a letter, dated
December 15, 1997, from the National Labor Relations Board. The court sustained an objection
based on relevance to the summary-judgment proceeding. Chambers furnishes no reason this was
an abuse of discretion as the letter did not adduce any new evidence on the issue of limitations. 
We overrule issue D. Issue E claims the trial court abused her discretion by placing appellant
under oath for voir dire examination by Levbarg "but refused to allow Appellant the same
opportunity to question Mr. Levbarg under oath during motion for new trial." A review of the
record from the hearing on the motion for new trial does not show any request by Chambers to
question Levbarg. Accordingly, we overrule issue E. 

 Finally, in issue C, Chambers complains the trial court abused its discretion in
overruling the motion for new trial. In reviewing the overruling of a motion for new trial, an
appellate court will not disturb the trial court decision absent a showing of manifest abuse of
discretion. See Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex.
1988); Poth v. Small, Craig & Werkenthin, L.L.P., 967 S.W.2d 511, 514 (Tex. App.--Austin
1998, pet. denied). The court held a hearing and considered Chambers's contention that the case
should be reopened based on newly discovered evidence. The record does not show any abuse
of discretion. We overrule issue C.


Conclusion



 After reviewing the record, we conclude that Levbarg met his burden to show that
limitations barred Chambers's malpractice suit and have overruled her issue challenging the
summary judgment. We have overruled all of her other issues presented. Accordingly, we affirm
the summary judgment.



 


 Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel


Affirmed


Filed: February 25, 2000


Do Not Publish

1. See Chambers v. Southwestern Bell Tel. Co., 917 F.2d 5 (5th Cir. 1990), cert. denied,
502 U.S. 900, 900 (1991).
2. Contrary to Chambers's complaint in her brief, Levbarg's affidavit was not made to the
"best of his knowledge and belief." Levbarg's affidavit states that after being duly sworn, the
statements in the affidavit are "true and correct" and are made from personal knowledge. See
Tex. R. Civ. P. 166a(f) (summary-judgment affidavits to be made on personal knowledge).
3. 502 U.S. 1001, 1001 (Dec. 2, 1991).
4. Chambers hired Flood in an attempt to re-open her case based on retroactively applying
certain legislative changes. It is unclear whether Flood was aware of Ms. Chambers's
representation by Aaron Jackson, then of Ford & Ferraro, during the rehearing and certiorari
processes.
5. Some of her assertions about Levbarg's act of concealment verge on the absurd; for
example, she claims he concealed her demotion from her, part of the basis of her original claims
against her employer. 
6. In various filings in this cause, Chambers had complained about her inability to secure
counsel because of a conspiracy against her. However, the record shows she has been represented
by numerous counsel. In her lawsuit against her employer, she was represented by counsel before
Levbarg and two different counsel after Levbarg. With regard to her malpractice claim, she has
consulted several attorneys, as well as filing multiple grievances against Levbarg with the State
Bar.
7. Although these cases state the theory, this cause illustrates the practical reality of dealing
with pro se litigants. This cause has required extensive delay to bring to submission, caused in
part by a reinstatement after a dismissal for want of prosecution for non-payment to consider
Chambers's indigence claims under In re Arroyo, 988 S.W.2d 737, 738-39 (Tex. 1998) (challenge
sustaining contest to affidavit of indigence reviewed as part of appeal rather than mandamus;
record covering indigence proceedings to be prepared without pre-payment). This Court granted
several extensions of time to allow appellant to make payment arrangements for the record and
to allow her to seek counsel. Further, her initial brief was sixty pages long, and still only briefed
one of the issues presented.


ew of the
record from the hearing on the motion for new trial does not show any request by Chambers to
question Levbarg. Accordingly, we overrule issue E. 

 Finally, in issue C, Chambers complains the trial court abused its discretion in
overruling the motion for new trial. In reviewing the overruling of a motion for new trial, an
appellate court will not disturb the trial court decision absent a showing of manifest abuse of
discretion. See Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex.
1988); Poth v. Small, Craig & Werkenthin, L.L.P., 967 S.W.2d 511, 514 (Tex. App.--Austin
1998, pet. denied). The court held a hearing and considered Chambers's contention that the case
should be reopened based on newly discovered evidence. The record does not show any abuse
of discretion. We overrule issue C.


Conclusion



 After reviewing the record, we conclude that Levbarg met his burden to show that
limitations barred Chambers's malpractice suit and have overruled her issue challenging the
summary judgment. We have overruled all of her other issues presented. Accordingly, we affirm
the summary judgment.



 


 Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel


Affirmed


Filed: February 25, 2000


Do Not Publish

1. See Chambers v. Southwestern Bell Tel. Co., 917 F.2d 5 (5th Cir. 1990), cert. denied,
502 U.S. 900, 900 (1991).
2. Contrary to Chambers's complaint in her bri