Davidson v. Comm'r NHDOC          CV-02-190-JD  08/04/03

UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


<u>Craig S. Davidson</u>

      v.                                 Civil No. 02-190-JD
                                         Opinion No. 2003 DNH 135
<u>Phil Stanley, Commissioner</u>
<u>of the New Hampshire Department</u>
<u>of Corrections, Individually and</u>
<u>in his Official Capacity</u>


                           O R D E R


     The plaintiff, Craig S. Davidson, brings a claim under 42

U.S.C. § 1983 for declaratory and injunctive relief against the

defendant, Phil Stanley, Commissioner of the New Hampshire

Department of Corrections ("Commissioner" and "DOC" respectively)

in both his individual and official capacities.  Davidson claims

the defendant is violating his First Amendment rights under the

Establishment Clause based on his denial of Davidson's request to

amend a classification authorization recommending that Davidson

participate in the "Alternatives to Violence Program" ("AVP").

     Davidson is seeking a declaratory judgment that it is

unconstitutional for the defendant to require or to recommend

that inmates participate in the AVP program and to note on their

prison records whether or not they have participated in the

program.  Davidson is also seeking prospective injunctive relief

against such practice.  The defendant moves to dismiss Davidson's

complaint as moot on the ground that it has removed the recommendation and taken other measures to eliminate any impact of the recommendation (document no. 72). Davidson objects (document no. 73).

The plaintiff is seeking prospective declaratory and injunctive relief against the defendant in his official capacity. Therefore, there is no Eleventh Amendment bar to this claim. Mills v. State of Maine, 118 F.3d 37, 53 (1st Cir. 1997). In view of the relief sought, the court will construe the complaint as one against the defendant in his official capacity only and not, as the magistrate judge stated in his preliminary review order dated July 8, 2002 (document no. 5), as one against him in his individual capacity.

Background

Davidson is a prisoner at the New Hampshire State Prison ("NHSP") in Concord. The Classification Department of the NHSP held a Unit Reclassification Board ("URB") for Davidson on January 11, 2002.[1] The purpose of this URB was to review

---

[1]The classification process is used to determine custody levels for every inmate. The custody level determines what level of supervision and control each prisoner requires and in which housing unit each prisoner will live. For a more detailed discussion of various custody levels, see the Court's Order of July 8, 2002.

Davidson's work performance, disciplinary record, and programming progress, and also to make recommendations regarding his progress through the prison system. This URB resulted in the issuance of a "classification authorization,"[2] which determined Davidson's overall custody level and included, under the category "program assignments and recommendations," only one notation, the Alternatives to Violence Program.[3]

AVP is a private, nonprofit rehabilitative group. "In its origins and philosophy [AVP] has ties to the Religious Society of Friends (Quakers), but it is not a sectarian organization." See Def.'s Obj., App. B at A-2. The program's initial purpose was to reduce the level of violence in prisons. That purpose has expanded over the lifetime of the organization and now encompasses efforts to reduce "violence pervading the whole society." Id. AVP programs use a variety of violence-reducing activities, including group discussions, trust-building exercises, and role-playing games.

---

[2]A "classification authorization" is a written report of the decisions made by the Classification Department after the URB.

[3]Nothing submitted to the Court indicates the definition of "assignments and recommendations." The Classification Authorization does state that "[t]he individual plan is a recommended course of action for an individual inmate and not binding on the Department of Corrections to automatically grant movement forward in custody levels, reduced custody or parole." Appendix A to Pl.'s Compl. and Mem. of Law at 2.

Charles Oropallo, State Coordinator of the New Hampshire Chapter of AVP, acknowledges that a central concept of AVP is the idea of the "Transforming Power." Oropallo Aff. ¶ 5. AVP uses this concept to describe the ability of individuals to "transform destructive and violent situations into constructive and liberating experiences." Id. Oropallo acknowledges that there is a spiritual element to this concept and that different people have widely different personal interpretations of it. Id. He contends that AVP does not explicitly teach participants that the "Transforming Power" is a religion or a divine or supernatural entity to be worshiped, nor that it should be considered "the foundation of an overarching world-view or set of moral beliefs." Id.

The prison provides space for AVP to conduct its programs, but the state does not otherwise provide support for AVP. The statewide AVP organization and specifically, all programs at NHSP, are organized and run by volunteers and inmate facilitators. Most of the instructors are former participants in AVP and none of them are state employees.

In March of 2003, the defendant sent a letter to Davidson, informing him that the recommendation that he enroll in and complete AVP had been rescinded and all references to AVP were to be removed from his file. The defendant also informed Davidson

4

that the Parole Board would be instructed that they should not base any decisions upon Davidson's participation, or lack of participation in AVP. A copy of the letter was sent to the Parole Board.

In his pending motion to dismiss, the defendant, as Commissioner of DOC, asserts that DOC is willing to consent to a court order "whereby the Department of Corrections would agree (a) to not recommend that Mr. Davidson attend the AVP program in the future; (b) to remove all references to AVP from the classification documents contained in Davidson's offender record; (c) to not express any position in the future with the parole board regarding whether the failure to attend to the AVP program should impact Davidson's parole eligibility." See Def. Mot. ¶ 4. The defendant asserts that DOC's actions and its willingness to submit to an enforceable court order embodying the provisions stated above render Davidson's claim moot. Davidson disputes that DOC's actions render this matter moot on the basis that DOC remains free to continue to recommend AVP to other inmates in the future.

## Standard of Review

When, as here, the defendant has filed an answer, a motion to dismiss is properly considered as a motion for judgment on the

pleadings. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

Davidson has submitted an affidavit in support of his objection to the defendant's motion to dismiss. This affidavit was not submitted in conjunction with the objection filed by Davidson's counsel. Rather, Davidson submitted this affidavit on his own behalf, with no apparent assistance or supervision of counsel.

Parties to civil litigation do not "enjoy the luxury of hybrid representation" under the "pro se" statute, 28 U.S.C. § 1654. See Hayhurst v. Timberlake, Civil No. 94-199, 1995 WL 66273 (D.N.H. 1995) (citing Move Org. v. Philadelphia, 89 F.R.D. 521, 523 n. 1 (E.D. Pa. 1981)). Parties may either appear pro se

6

or by counsel.  See Hayhurst at *1; see also United States v. Zielie, 734 F.2d 1447, 1454 (11th Cir. 1984); Brasier v. Jeary, 256 F.2d 474, 476 (8th Cir. 1958); see also United States v. Hirschfeld, 911 F. Supp. 200, 201 (E.D. Va. 1995).  Davidson moved the court for the appointment of counsel (document no. 47) and the court appointed counsel subject to counsel's agreement. (document no. 54).  Counsel entered an appearance. (document no. 55).  Therefore, because the affidavit was not submitted to the court by Davidson's counsel, and because consideration of such extrinsic material is not appropriate on a motion for judgment on the pleadings, Davidson's affidavit will not be considered.

## Discussion

The defendant moves to dismiss Davidson's claim on the ground that his actions have mooted the matter.  Davidson objects, arguing that because DOC has not altered the manner in which it offers AVP to other inmates, it continues to violate the Establishment Clause.

### A.    Mootness

It is undisputed that, when filed, Davidson had standing to challenge the classification authorization recommending that he

participate in AVP, and that his claim was ripe for review. "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief."[4] Me. Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 17 (1st Cir. 2003) (citing CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 620- 21 (1st Cir. 1995)); see also Conservation Action Project v. Moore, Civil No. 02-215-JD, 2002 WL 31834851 at *2 (D.N.H. Dec. 18, 2002). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Federal courts must dismiss moot cases "to avoid advisory opinions on abstract propositions of law." See Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam).

The issue before the court is whether the defendant's voluntary withdrawal of the recommendation that Davidson participate in AVP and the defendant's consent to a court order embodying the provisions previously stated have mooted Davidson's claim. In evaluating an assertion that a party's voluntary

---

[4]The case or controversy requirement applies to all claims, whether they be for damages, injunctive or declaratory relief. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

cessation of a challenged practice renders an opponent's claim moot, consideration must be given to the distinction between mootness and standing. See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000). "[T]here are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." Id. at 190.

A defendant asserting that its voluntary cessation of challenged conduct moots a case bears a "'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again." See Friends of the Earth, 528 U.S. at 189 (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)). "When there is a voluntary cessation of a policy, a claim will not be rendered moot if there remains the possibility that plaintiffs will be disadvantaged 'in the same fundamental way.'" Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (emphasis added) (quoting Northeastern Fla. Chapter of Assocd. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 662 (1993)). In evaluating a defendant's voluntary cessation, "[t]he court should consider 'the bona fides of the expressed intent to [discontinue], the effectiveness of the discontinuance and, in some

9

cases, the character of the past' behavior." <u>Vagalebre, et al. v. SAU 47, et al.</u>, Civil No. 97-135-JD, at *6 (D.N.H. Feb. 24, 1998) (quoting <u>United States v. W.T. Grant Co.</u>, 345 U.S. 629, 633 (1953)).

Under the circumstances presented, an application of the three factors noted above weighs in favor of the defendant. First, in assessing the bona fides of the defendant's expressed intentions, the plaintiff does not allege that the defendant intends to reinstate the recommendation that Davidson participate in AVP after this litigation nor is there any indication that such will indeed happen. Nor is there any indication of actual bad faith on the part of the defendant. Additionally, "[w]hen the defendants are public officials . . . [the courts] place greater stock in their acts of self-correction, so long as they appear genuine." <u>Magnuson v. City of Hickory Hills</u>, 933 F.2d 562, 565 (7th Cir. 1991). The defendant's willingness to have his remedial actions enforced by a court order indicates his good faith.

Second, as to the effectiveness of the discontinuance, it appears that the proposed expungement and the letter to the parole board constitute an effective amelioration of any effect the recommendation may have had upon Davidson. <u>See</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402 (1975) (revocation of challenged

10

prison transfer, and notation in file that transfer should have no bearing on Parole Board determinations, sufficient to moot prisoner's claim). Furthermore, the defendant's discontinuance is to be embodied in an enforceable court order capable of insuring its effectiveness. Cf. Fund For Animals v. Jones, 151 F. Supp. 2d 1, 7 (D.D.C. 2001) (voluntary but nonbinding affidavits and contractual agreements insufficient to render case moot). Counsel for the plaintiff has acknowledged that the combination of the defendant's voluntary actions and an enforceable court order insure the effectiveness of the discontinuance because the defendant is not free to repeat the complained-of conduct as to Davidson. See Pl.'s Obj. ¶ 11. Consequently, there is no "real possibility" that the defendant will deprive Davidson of the asserted rights he seeks to protect. See Berkshire Cablevision of R.I., Inc. v. Burke, 773 F.2d 382, 384 (1st Cir. 1985).

Third, an assessment of the character of DOC's past behavior reveals that this is not the first time Davidson has challenged a DOC recommendation that he participate in AVP. In 1999, Davidson succeeded in having a prior AVP recommendation removed from his classification authorization by simply requesting its removal.[5]

_____

[5]A classification authorization in February of 1999, included AVP as an assignment and recommendation. Davidson

Davidson has not alleged, however, nor does the court have any reason to conclude, that the defendant acted in bad faith in reissuing the recommendation that he participate in AVP several years after it was first issued.

In assessing the relevant factors, the defendant's willingness to consent to a court order weighs heavily in the court's determination that the defendant is not likely to engage in the challenged conduct in the future. The force of a court order eliminates any reasonable expectation that DOC will recommend that Davidson attend AVP in the future. Therefore, although this is not the first time Davidson has challenged the recommendation that he participate in AVP, there is every indication that it will be the last time he will face such a recommendation. The defendant has in effect agreed to provide Davidson with the injunctive relief he initially sought for himself. See Yates v. Cunningham, 70 F. Supp. 2d 47, 51 (D.N.H. 1999) (citing Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997)). Because the court has no reasonable basis to believe that the conduct alleged in Davidson's complaint is

_____

objected to its inclusion in his classification authorization by means of an inmate request slip. Subsequently, the recommendation was removed. The record does not indicate why DOC was willing to swiftly remove a recommendation that Davidson participate in AVP at that time, and delayed removing the recommendation on this second occasion.

12

likely to recur, Davidson's complaint is moot.

B.    Capable of Repetition, yet Evading Review Exception

The plaintiff argues that his claim is not moot because of
the exception to mootness which saves otherwise moot claims that
are "capable of repetition, yet evading review." See, e.g., Roe
v. Wade, 410 U.S. 113, 125 (1973); S. Pac. Terminal Co. v.
Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911). "[T]his
exception to the mootness doctrine requires two predicates: '(1)
the challenged action was in its duration too short to be fully
litigated prior to its cessation or expiration, and (2) there was
a reasonable expectation that the same complaining party would be
subjected to the same action again.'" Pallazola v. Rucker, 797
F.2d 1116, 1129 (1st Cir. 1986) (quoting Weinstein v. Bradford,
423 U.S. 147, 149 (1975)). The fact that other persons may
choose to raise the same claim in the future does not "save" a
case from mootness. See Lane v. Williams, 455 U.S. 624, 634
(1982).

Davidson's claim fails to satisfy either of the necessary
predicates of this exception to mootness. Davidson has not
alleged, nor does the court have reason to believe, that a
prisoner's confinement, or the impact of a classification
authorization, necessarily continues for so short a time as to

13

prevent full litigation of claims such as those brought by Davidson. Furthermore, as discussed above, the defendant's withdrawal of the recommendation that Davidson participate in AVP and his letter to the Parole Board, coupled with a court order, eliminate any reasonable expectation that DOC will recommend that Davidson attend AVP in the future. Cf. Cmty Hous. v. Martinez, 146 F. Supp. 2d 36, 42-43 (D. Me. 2001) (agency's failure to assure that challenged policy would not be reinstated raised potential for plaintiff to face same alleged injury in future). Additionally, there is no indication that future program recommendations to Davidson or other inmates are likely to evade judicial scrutiny. Should the DOC recommend that other inmates participate in AVP, and should prisoners find this recommendation objectionable, those plaintiffs will have the opportunity to pursue judicial relief. See Lane, 455 U.S. at 634.

C.   Standing for Claims of Other Prisoners

Davidson argues that his claim is not moot because, absent an express acknowledgment by the defendant that AVP is a religious program, the defendant remains free to continue to recommend that other inmates attend AVP programs. The defendant contests that Davidson continues to have standing. Because "[t]he standing inquiry requires careful judicial examination of

14

a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted," the court will examine Davidson's potential alternative bases for standing. Cotter v. City of Boston, 323 F.3d 160, 166 (1st Cir. 2003).

Generally, to have standing to bring a claim in federal court a plaintiff must show that

> (1) he or she personally has suffered some actual or threatened injury as a result of the challenged conduct;
>
> (2) the injury can fairly be traced to that conduct; and
>
> (3) the injury likely will be redressed by a favorable decision from the court.

N.H. Right to Life Political Action Comm. v. Gardner, 99 F.3d 8, 13 (1st Cir. 1996) (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, 454 U.S. 464, 472 (1982)). The requirement that a plaintiff have standing "ensures that plaintiffs have alleged a personal stake in the outcome of the controversy." Cotter, 323 F.3d at 166. "A mere interest in an event--no matter how passionate or sincere the interest and no matter how charged with public import the event--will not substitute for an actual injury." United States v. AVX Corp., 962 F.2d 108, 114 (1st Cir. 1992).

It is undisputed that at the inception of this case,

15

Davidson had standing to challenge DOC's actions as to his own classification authorization. As has been previously discussed, this basis for his claim is now moot as he no longer has the requisite personal stake in the outcome of this controversy. No other plaintiffs are participating in this case.

Davidson has not argued that he has standing on behalf of his fellow inmates to challenge DOC's practice of recommending AVP to inmates and his complaint does not contain sufficient allegations to support such standing. "[A]s a general rule, a plaintiff 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" AVX Corp., 962 F.2d at 114 (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)). "The rare exceptions to this rule generally involve situations in which the plaintiff has a close relation with the third party and 'there exists some hindrance to the third party's ability to protect his or her own interests.'" Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 70 (2d Cir. 2001) (quoting Edmonson v. Leesville Concrete Co., 500 U.S. 614, 629 (1991). The relationship between a prisoner and his fellow inmates has generally not been found to meet the requirements of this exception.[6] See, e.g., Reynoldson v.

_____

[6]Prisoners do, however, have standing to assert violations of another prisoner's right of access to the courts. See Bell v.

16

<u>Shillinger</u>, 907 F.2d 124, 125 (10th Cir. 1990) (to extent prisoner complaint concerned "inmates" rather than himself, it was "dismissible for failure to allege the plaintiff's standing to proceed"); <u>Newsom v. Norris</u>, 888 F.2d 371, 381 (6th Cir. 1989) ("[A] prisoner who [challenges] conditions at a prison facility . . . is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners."); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); <u>Mitchell v. Cuomo</u>, 748 F.2d 804, 810 (2d Cir. 1984) ("[p]risoners are not entitled to assert prospective violation of the constitutional rights of others"); <u>Weaver v. Wilcox</u>, 650 F.2d 22, 27 (3d Cir. 1981) ("an inmate does not have standing to sue on behalf of his fellow prisoners"); <u>Hooker v. Pazera</u>, 1996 WL 476658 at *5-6 (N.D. Ind. 1996) (prisoner plaintiff "has no standing to assert the rights of other prisoners and may only challenge violations of his own rights"); <u>United States ex rel. Ratchford v. Mazurkiewicz</u>, 451 F. Supp. 671, 673 (E.D. Pa. 1978) (prisoner cannot sue to vindicate another prisoner's due process rights).

------

<u>Johnson</u>, 308 F.3d 594 609-10 (6th Cir. 2002); <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979).

17

Furthermore, Davidson has not identified any other current inmate to whom AVP has been recommended. Davidson has not alleged the existence of either a close relationship with other inmates to whom AVP has been recommended, nor has he identified what, if any, hindrance would prevent them from pursing their own claims. Therefore, the allegations in Davidson's complaint are insufficient to support third-party standing to pursue the claims of other inmates.

Davidson did not bring this claim on behalf of a class. Therefore, he cannot avail himself of the exception to mootness which preserves the standing of a class after a claim has become moot as to the named representative. See Sosna v. Iowa, 419 U.S. 393, 399-401 & n.9 (1975). Although Davidson's initial complaint was pro se and is entitled to liberal construction, Davidson is now represented by counsel, and has had ample opportunity to seek class certification if such certification would have been appropriate.

Finally, Davidson has not argued that he has standing as a taxpayer to challenge the fact that AVP is offered to inmates at the state prison, nor does his complaint contain sufficient allegations to support such standing. State taxpayers have standing to challenge expenditures of state funds as violative of the Establishment Clause. See Doremus v. Bd. of Educ., 342 U.S.

18

429, 433-35, (1952); see also Johnson v. Econ. Dev. Corp. of County of Oakland, 241 F.3d 501, 508-09 (6th Cir. 2001); Schneider v. Colegio de Abogados de Puerto Rico, 917 F.2d 620, 639 (1st Cir. 1990). "In order to establish state taxpayer standing, plaintiffs must show that the challenged activity involves 'a measurable appropriation' or loss of revenue, and 'a direct dollars-and-cents injury' to themselves." Schneider, 917 F.2d at 639 (quoting Doremus, 342 U.S. at 434); see also Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 795 (9th Cir. 1999); Dist. of Columbia Common Cause v. Dist. of Columbia, 858 F.2d 1, 4-5 (D.C. Cir. 1988). Davidson's complaint alleges neither that DOC's relationship with AVP involves any measurable appropriation or loss of revenue, nor that Davidson has paid taxes, any portion of which, may have supported AVP. Therefore, Davidson's complaint does not provide a sufficient basis on which to ground an Establishment Clause claim as a taxpayer.

In his complaint, Davidson specifically acknowledges that his standing to challenge the defendant's actions is based on the fact that the "government activity is directed at him." See Compl. at p. 3 (document no. 1). He was correct. However, there is no longer any government activity directed at Davidson, and the defendant has met its burden of establishing that there is no reasonable basis to conclude that Davidson will be subject to the

19

same challenged conduct in the future. After careful review of Davidson's complaint, it does not appear that Davidson has any other viable ground for standing to pursue his claim.

D. Order

The defendant, Phil Stanley, as Commissioner of the New Hampshire Department of Corrections, has consented to the entry of a court order embodying the provisions set forth in paragraph 4 of the Defendant's Motion to Dismiss on the Ground of Mootness (document no. 72).

Phil Stanley, Commissioner of the New Hampshire Department of Corrections (hereinafter referred to as the "Commissioner" shall comply with the following order:

1. The Commissioner, and those acting under and pursuant to his authority, direction, and control, shall forthwith remove permanently from all of Craig Davidson's records (including all classification authorizations), any requirements, recommendations, suggestions, or other references that Davidson participate in the Alternative to Violence Program, whether so designated or referred to by any other name, abbreviation, or acronym.

2. The Commissioner, and those acting under and pursuant to his authority, direction, and control, shall not in the future recommend, require, suggest, or in any way indicate that Davidson

20

participate in the Alternative to Violence Program.

3.   The Commissioner, and those acting under and pursuant to his authority, direction, and control, shall not in the future raise as an issue, or express any position about, Davidson's nonparticipation in the Alternative to Violence Program, at any Unit Reclassification Board hearing, Parole Board hearing, or at any other hearing involving Davidson, and shall not use or refer to Davidson's nonparticipation in the Alternative to Violence Program in any other way or manner that would adversely affect his status while incarcerated or his eligibility for parole.

4.   The terms of this order shall remain in effect during any such time that Davidson is incarcerated in a facility controlled by the New Hampshire Department of Corrections.


## Conclusion

The plaintiff has prevailed in this action to the extent that the court has entered the above order, with consent of the defendant, which provides the plaintiff with the remedy he sought for himself.  To the extent that the plaintiff sought declaratory and injunctive relief in addition to the remedy granted by the court's order, those claims are now considered moot and the defendant's motion to dismiss those claims is granted.  (document no. 72).

21

The clerk shall close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

August ___, 2003

cc:  Michael J. Sheehan, Esquire
     Andrew B. Livernois, Esquire