**TEXAS AIRFINANCE CORPORATION and Woody K. Lesikar, Appellants,**

v.

**Jayne Ann LESIKAR, Appellee.**

**No. C14–88–344–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 14, 1989.

Rehearing Denied Sept. 28, 1989.

Robet A. Axelrad, Houston, for appellants.

Jill A. Duncan, Albert R. Lohse, Thomas R. McDade, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

Texas Airfinance Corporation [TAC] and Woody K. Lesikar appeal from a summary judgment in favor of Jayne Ann Lesikar on her suit for breach of a promissory note and guarantee agreement. TAC and Woody Lesikar's nine points of error assert that various fact issues existed as to whether default and acceleration had occurred; that Jayne Lesikar was not entitled to a prepayment penalty following her acceleration of the promissory note; and that the summary judgment evidence was insufficient to establish the reasonableness of the attorney's fee as a matter of law. We affirm the summary judgment in part, reverse that portion of the judgment awarding damages for prepayment penalty, and remand the question of reasonableness of attorney's fees to the trial court for further consideration.

As part of a 1984 divorce decree, Jayne Lesikar was awarded 3,333 shares of stock in Woody Lesikar Aircraft Sales & Service, Inc. This was a corporation controlled and managed by Woody Lesikar. On the day the Lesikars were divorced, they executed a Stock Purchase Agreement under which Jayne sold her stock to TAC in exchange for TAC's promissory note for $750,000, and Woody's execution of a personal guarantee. The terms provided for TAC to make interest payments of $6000 per month beginning on May 1, 1984, and ending April 3, 1999, when the entire principle was due and payable. In March of 1987, Jayne filed suit against TAC and Woody alleging default and acceleration, claiming no payments were made after August 1, 1986. The trial court granted her motion for summary judgment on December 21, 1987.

Unless the summary judgment movant proves it is entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court in *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985):

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management* 690 S.W.2d at 548–549; *Montgomery v. Kentucky,* 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592–93 (Tex. 1975). Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply,* 391 S.W.2d 41, 47 (Tex.1965).

■ Appellants' first point of error asserts the trial court erred by considering the supplemental affidavit of Jayne Lesikar. Tex.R.Civ.P. 166a(c) requires the party seeking summary judgment to file its motion and all supporting affidavits at least twenty-one days before the time specified for the hearing on the motion, except on leave of court. Jayne's supplemental affidavit was filed only twelve days before the order granting summary judgment was signed. Since the affidavit was not timely filed, and nothing in the record indicates the trial court granted leave to file, we must presume the court did not consider

the affidavit. *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985). Appellants complain that Jayne Lesikar acknowledged the August 1986, payment in her supplemental affidavit, thus changing the motion and request for judgment for all payments *after* August 1, 1986. However, we will deal with the August payment in point of error two. Finding the trial court did not consider the supplemental affidavit, we overrule point of error number one.

In their second point of error, appellants complain the trial court erred in granting summary judgment because there is a material fact question as to whether the August 1, 1986 payment was made. In the response to the motion for summary judgment, appellants presented a photocopy of a cancelled check from TAC to Jayne for a $6000 interest payment. The check is dated August 11, 1986 and appears to have been processed by the bank on August 15, 1986. Nothing is the record establishes when the check was actually tendered to Jayne. However, whether the August 1986 payment was timely is not an issue in this case. Further, the fact the August payment was made, contrary to the allegations in the pleadings, it is not a *material* fact that will defeat the motion for summary judgment.

Appellants' response to the motion for summary judgment failed to show that any payments were made *after* the late payment in August 1986, and no evidence was presented to controvert the assertion of non-payment for all months after August 1986. Additionally, Jayne Lesikar requested and received as damages only the interest payments for the ten month period from September 1986, through June 1987. Accordingly, any questions concerning the August payment are not material to her right to judgment on those ten months and acceleration as a matter of law. *Borg–Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 144 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). Appellants' second point of error is overruled.

Appellants contend in point of error number three that summary judgment was improperly granted because there was no proof Jayne was either the owner or holder of the promissory note. Appellants' original response to the motion for summary judgment did not raise this issue. In a supplemental response, appellants' alleged that appellee failed to show she was an owner or holder of the note. At time of submission before this court, a question arose as to whether the supplemental response was timely filed. Appellants' then filed a motion to supplement the record with affidavits establishing the date the supplemental response was filed with the trial court. We note that even if we consider the amended response, appellants' present no proof that appellee is not the owner or holder of the note. A copy of the promissory note was attached to her sworn affidavit and she swore it was a true and correct copy of the original note in question. The note shows on its face it was issued to Jayne Lesikar. There was no summary judgment proof that the note had ever been pledged, assigned, transferred or conveyed. We find the evidence sufficient to show Jayne Lesikar is the holder of the note. *See Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863, 866 (Tex.App. Houston—[14th Dist.] 1978, writ ref'd n.r.e.). Point of error number three is overruled. The motion to supplement the record is denied.

In point of error number four, appellants assert a material fact issue was raised concerning failure of consideration. However, this issue was also raised by the supplemental response. A close review of Woody Lesikar's affidavit attached to this supplemental response reveals that he made numerous allegations, but failed to state *facts* with specificity to show when and how provisions of the Stock Purchase Agreement were violated. He claims Jayne called employees, made slanderous remarks about him and encouraged customers to breach contracts with him. However, he named no employees, customers, contracts or any other facts to support his allegations. He claimed she conspired to develop a competing airport, but did not allege when, how, or with whom she conspired. He contended her alleged activities caused $1,000,000 in damages to his busi-

ness, but he offered no proof of any alleged damages.

Summary judgment affidavits must set forth facts, not legal conclusions. *Beta Supply, Inc. v. G.E.A. Power Cooling Systems,* 748 S.W.2d 541, 542 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Mere opinions and conclusory statements are not sufficient to raise a fact issue to defeat a summary judgment. *Life Insurance Co. of Virginia v. GAR–DAL, Inc.,* 570 S.W.2d 378, 380–81 (Tex.1978); *accord Harley–Davidson Motor Co. v. Young,* 720 S.W.2d 211, 216 (Tex.App.—Houston [14th Dist.] 1986, no writ). Even if we supplemented the record as requested, Woody Lesikar's affidavits contain no articulable facts or proof to raise an issue of material fact concerning failure of consideration. Point of error number four is overruled.

In points of error five and six, appellants complain of the prepayment penalty awarded to Jayne Lesikar. Appellants argue that when a note is accelerated there is no *voluntary* early payment; therefore, the right to prepayment penalty does not arise. They further suggest the request for prepayment penalty under these circumstances constitutes usury.

■ A prepayment charge on a promissory note is not compensation for the use of money. Rather, it is a charge to the borrower for the privilege of repaying the loan before maturity. Such a charge is not interest, and the demand for payment of it is not usurious *Boyd v. Life Insurance Co. of the Southwest,* 546 S.W.2d 132, 133 (Tex.App.—Houston [14th Dist.] 1977, writ ref'd) (cited with approval in *Texas Commerce Bank–Arlington v. Goldring,* 665 S.W.2d 103, 105 (Tex.1984)). However, when the holder has accelerated the note, the borrower has not availed himself of the privilege to repay early and should not be liable for a penalty associated with invoking that privilege. Jayne Lesikar was not entitled to the $250,000 prepayment penalty and that portion of the judgment awarding such as damages is reversed. Accordingly, point of error number five is sus-

tained and point of error number six is overruled.

■ In point of error number seven, appellants contend a material fact issue existed concerning whether the promissory note was ever accelerated. The record reflects that it was. The promissory note expressly provides for acceleration if, ten days after receipt of written notice of default, the default remains uncured. The note also provides for acceleration without notice. Such contractual acceleration and waiver of notice provisions are valid and enforceable. *Mercer v. Bludworth,* 715 S.W.2d 693, 699 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (citing *Ogden v. Gibraltar Savings,* 640 S.W.2d 232, 233–34 (Tex.1982)). We also find evidence of actual notice. Jayne Lesikar sent a notice of default to appellants on September 12, 1986. On October 24, 1986, a second notice of default was sent to appellants expressly notifying them that if *all* past due amounts were not paid within ten days the note would be accelerated. The record is devoid of any proof, or even a claim by appellants, that the default was cured. Accordingly, there is no fact question concerning acceleration of the note and point of error seven is overruled.

■ Appellants next argue there is question of fact as to the reasonableness of the attorney's fees awarded. We agree. The promissory note states: "[t]he undersigned hereby agrees to pay all expenses incurred, including an additional ten percent (10%) on the amount of principal and interest hereof as attorney's fees, all of which shall become part of the principal hereof, if this note is placed in the hands of an attorney for collection, or if collected by suit or through any probate, bankruptcy or any legal proceedings." However, Texas courts do not regard such agreements as absolute promises, but as contracts to indemnify. *RepublicBank Dallas v. Shook,* 653 S.W.2d 278, 280 (Tex.1983). Appellants were entitled to raise the affirmative defense of unreasonableness of the contractual attorney's fees. *F.R. Hernandez Construction v. National Bank of Commerce,* 578 S.W.2d 675, 677 (Tex.1979).

Appellants' Response to the Motion for Summary Judgment raises the proper affirmative defense. The accompanying affidavit of trial counsel contains specific facts challenging the reasonableness of $106,000 as attorney's fees for the amount of work then performed. Consequently, the summary judgment evidence does not establish, as a matter of law, that Jayne Lesikar is entitled to the attorney's fees awarded by the trial court. Accordingly, point of error number nine is sustained. The question of reasonable attorney's fees is severed from the remainder of the case and remanded to the court below for a proper determination of *reasonable* fees. *See Woods Exploration & Production Co. v. Arkla Equipment*, 528 S.W.2d 568, 571 (Tex.1975).

Appellants complain in their ninth point of error the trial court erred in granting summary judgment because they were precluded from deposing Jayne Lesikar. Appellants noticed Jayne Lesikar twice for her deposition and each time she sought protection from the court and did not appear. The respective attorneys apparently could not agree on a date for taking her deposition. When a final attempt to reach an *agreed* dated failed, appellants received notice on September 22, 1987, that Jayne Lesikar would be deposed on September 29, 1987 by her own attorney. Appellants did not appear at the deposition and it was conducted in their absence. Appellants did not file a motion to quash the deposition, nor did they seek a protective order. Having done neither, they have preserved nothing for appellate review. Point of error number nine is overruled.

That portion of the judgment awarding attorney's fees is ordered severed, and reversed and remanded to the trial court for a determination of reasonable attorney's fees. That portion of the judgment awarding damages for prepayment penalty is reversed and ordered deleted from the judgment. The judgment of the trial court is affirmed as modified.