**HOU–TEX PRINTERS, INC., Appellant,**

v.

**M.G. MARBACH and Dorothy Marbach, Appellees.**

**No. C14–92–01311–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 23, 1993.

William L. Burnett, Houston, for appellant.

D'Lisa R. Simmons, Houston, for appellee.

Before ROBERTSON, CANNON and ROBERT E. MORSE, sitting by designation.

## OPINION

ROBERTSON, Justice.

This appeal is from a summary judgment granted to appellees in a suit on a promissory note. Appellant contests the sufficiency of the summary judgment proof. We reverse.

Appellees' petition alleged that appellant (Hou–Tex) executed and delivered to them a promissory note in the sum of $50,000 and that there had been a default in payment. The Marbachs sought judgment for the amount of the note, plus pre- and post-maturity interest and attorney's fees, all as provided in the note. Hou–Tex answered with an unsworn general denial.

The Marbachs filed a motion for summary judgment in which they alleged, in addition to the facts of the case, that they had filed a verified petition on a sworn account, that the defendant's pleadings were fatally defective because defendant had failed to file a verified denial, and that "Plaintiffs should be awarded judgment as a matter of law."

Hou–Tex timely filed its response to the motion for summary judgment, levelling several objections. First, it objected to characterizing the suit as one on sworn account because there were no such allegations in the petition, because the petition was not supported by the required affidavit for such a suit, and because the suit was "founded on special contract whose underlying transaction is not one of those provided for in TEX. R.CIV.P. 185." Second, Hou–Tex objected to the Marbachs' summary judgment proof of the prime rate charged because the exhibit (Exhibit C to the motion) was "hearsay and unsworn and ha[d] no probative value to establish the rate." Third, Hou–Tex object-

ed to the summary judgment evidence because it failed to establish as a matter of law "whether Plaintiffs' [sic] are the owners and holders of those instruments." Hou–Tex made further objections not necessary to our disposition. The Marbachs did nothing further, and the trial court signed a summary judgment granting judgment for the $50,000 on the note, pre-judgment interest, attorney's fees, and post-judgment interest. The judgment does not specify the basis for granting this relief.

Appellant now contends in its first point of error that the trial court erred in granting summary judgment and, in six additional points, directs our attention to the specific bases for its complaint.

In points of error two and three, Hou–Tex contends the trial court erred in granting summary judgment on the ground that Hou–Tex did not file a verified answer to the Marbachs' action, which the Marbachs asserted in their motion for summary judgment was a suit on sworn account, "because the Marbachs did not allege a sworn account in their petition" (point 2) and because the Marbachs "did not support their petition by the affidavit required by Tex.R.Civ.P. 185." (point 3)

■ The supreme court has stated that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing—it does not mean transactions between parties resting upon special contract. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75, 78 (Tex.1958). We do not believe, therefore, that a suit on a note is included within the definition of a sworn account. *See Great–Ness Prof. Servs. v. First Nat'l Bank*, 704 S.W.2d 916, 917 (Tex.App.—Houston [14th Dist.] 1986, no writ) (breach of lease agreement not included in definition of sworn account); *Superior Derrick Servs. v. Anderson*, 831 S.W.2d 868, 873 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (breach of contract action not within Rule 185 because there is no sale and

delivery of goods or passage of title thereto); *DeWees v. Alsip*, 546 S.W.2d 692, 694 (Tex. Civ.App.—El Paso 1977, no writ) (special contract does not constitute sworn account).

■ However, even if the Marbachs' cause of action qualified as a suit on a sworn account, they did not support their petition with the affidavit Rule 185 requires. Rule 185 is not a rule of substantive law but is a rule of procedure stating the evidence necessary to establish a prima facie right of recovery or defense. Thus, it cannot be the basis for any cause or causes of action. *Meaders*, 316 S.W.2d at 78. Contrary to the requirements of the rule, the Marbachs' affidavit did not state that the claim was within their knowledge or that it was just and true; nor did it state that all just and lawful offsets, payments, and credits had been allowed. Thus, the Marbachs' failure to attach the required affidavit to their petition rendered the affidavit insufficient to establish the account as prima facie evidence of the claim. *DeWees*, 546 S.W.2d at 694.

■ Appellees contend that since Hou–Tex did not file a sworn denial, it has waived any right to dispute the account. We disagree. In the absence of a proper Rule 185 affidavit establishing the account, Hou–Tex was under no obligation to file the denial required by Rule 185.

In point of error four Hou–Tex contends the summary judgment proof is insufficient as a matter of law because there is no proof that the Marbachs "were the current owners and holders of the note."

■ While the motion for summary judgment alleged that the Marbachs "are the legal owners and holders of this note," the affidavit of neither Mr. nor Mrs. Marbach so stated, and only a *copy* of the note was attached as an exhibit to the motion. The mere allegation in the motion for summary judgment is not evidence. Failure to supply this essential proof is fatal. *Texas Nat'l Corp. v. United Systems Int'l Inc.*, 493 S.W.2d 738, 741 (Tex.1973).

The Marbachs contend that we held in *Texas Airfinance Corp. v. Lesikar*, 777 S.W.2d 559, 562 (Tex.App.—Houston [14th

 

Dist.] 1989, no writ) "that the holder of a note may be established by attaching a copy of the note to the motion for summary judgment and by swearing through affidavits that the note was a true and correct copy of the original." Hou–Tex, on the other hand, contends *Lesikar* was wrongly decided. While the language we used might appear to be all-encompassing, it must be restricted to the facts of that case. There the suit was on a promissory note, executed as part of a divorce settlement, which note was to be paid over a period of some fifteen years. The required $6,000 monthly payments had been made to Mrs. Lesikar, as provided in the note, for in excess of two years when the default occurred. Mrs. Lesikar then filed suit alleging default and acceleration, alleging that no payments had been made after a day certain. Under those facts, we held the summary judgment proof was sufficient to show Mrs. Lesikar was the holder of the note. The Marbachs assert an application of *Lesikar* which would would eradicate the well-known and established precedent that proper summary judgment proof in a suit on a note, when only a sworn copy of a note is offered, includes proof of ownership of the note through an affidavit to that effect. *See, e.g., Zarges v. Bevan,* 652 S.W.2d 368, 369 (Tex.1983); *Affiliated Capital Corp. v. Musemeche,* 804 S.W.2d 216, 218 (Tex.Civ.App.— Houston [14th Dist.] 1991, writ denied). For this reason, we reject both parties' interpretation of *Lesikar.*

Hou–Tex contends in its final three points of error that the trial court erred in granting summary judgment because the proof the Marbachs offered was insufficient to establish the amount of interest due.

 The note provided for interest "at the rate of two percent (2%) above the prime rate charged by Texas Commerce Bank, N.A., Houston, Texas, adjusted monthly." The motion for summary judgment alleged, in addition to the face amount of the note then due, that "interest [was also due] as provided in the note totaling $86,102.11 as of October 10, 1992. (Please see Exhibit "C", attached hereto and incorporated herein for all purposes.)." There was attached as Exhibit C an untitled two pages, purporting to

show, among other matters, "Blended TCB Prime." The exhibit is neither sworn to nor authenticated in any manner. As stated above, Hou–Tex filed written objection to the exhibit on the bases of hearsay and that it stated legal conclusions. Summary judgment proof must be presented in a form that would be admissible in a conventional trial. *See Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971) (stating similarity in trial and summary judgment proceedings that both depend on independently produced evidence). Thus, the summary judgment proof is insufficient. We sustain appellant's points of error.

We reverse and remand.