Reversed and Remanded and Memorandum Opinion filed June 28, 2007








Reversed and
Remanded and Memorandum
Opinion filed June 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00712-CV

____________

 

JOSE A. LANDAVERDE, Appellant

 

V.

 

CENTURION CAPITAL CORPORATION,
ASSIGNEE OF DISCOVER, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 845627

 



 

M E M O R A N D U M   O P I N I O N

This appeal arises out of a debt collection action filed by
Centurion Capital Corporation (ACenturion@), assignee of
Discover, against appellant, Jose A. Landaverde. Landaverde appeals from a
summary judgment rendered in favor of Centurion.  In his first issue,
Landaverde challenges the trial court=s grant of summary
judgment in favor of Centurion on its claims.  In his second issue, Landaverde
argues that the trial court erred in denying his plea in abatement.  In
Landaverde=s third issue, he complains that the trial court erred
in Aignoring@ his motion to
strike Centurion=s evidence.  In his final issue,
Landaverde contends that the trial court erred in dismissing his counterclaim. 
We reverse and remand.








In his first issue, Landaverde argues that the trial court
erred in granting Centurion=s motion for summary judgment.  In a
traditional motion for summary judgment, the movant bears the burden of
establishing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 749 (Tex. 1999).  In deciding whether there is a
disputed material fact issue precluding summary judgment, summary judgment
evidence favorable to the nonmovant will be taken as true, every reasonable
inference must be indulged in favor of the nonmovant, and any doubts are
resolved in the nonmovant=s favor.  KPMG, 988 S.W.2d at 749; Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985).  We review de
novo the trial court=s decision to grant summary judgment.  Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).  








Centurion based its summary judgment motion on: (1)
Landaverde=s alleged failure to file a verified denial of
Centurion=s suit on an account, and (2) deemed admissions which
Centurion contends established every element of its suit.  Texas Rule of Civil
Procedure 185 requires a defendant to file a verified denial in response to a
plaintiff=s sworn suit on an account.  Tex. R. Civ. P. 185.  We have previously held that a sworn
account, as intended in Rule 185, applies only Ato transactions
between persons, in which there is a sale upon one side and a purchase upon the
other, whereby title to personal property passes from one to the other, and the
relation of debtor and creditor is thereby created by general course of
dealing.@  Hou‑Tex
Printers, Inc. v. Marbach, 862 S.W.2d 188, 190 (Tex. App.CHouston [14th
Dist.] 1993, no writ).  After evaluating Centurion=s original
petition, it does not appear that the account subject of this suit involves
such a transaction.  Centurion=s petition states that Centurion and/or
its predecessor Aextended credit to Defendant for the
Defendant to purchase of (sic) one or more items of goods, wares,
merchandise, or services, or for cash advances.  Defendant accepted the credit
extended by making charges on said credit card account, or by authorizing
another person to make said charges on this account.@  Additionally,
Centurion was assigned this account from ADiscover.@[1]  It thus appears
that this account was a credit card account extended to Landaverde for his
general use by a financial institution that was not the seller of the goods or
services purchased with the credit card.  Rule 185 is therefore unavailable to
Centurion.  See Bird v. First Deposit Nat=l Bank, 994 S.W.2d 280,
282 (Tex. App.CEl Paso 1999, pet. denied) (holding that Aa credit card
issued by a financial institution does not create the sort of debtor‑creditor
relationship required in order to bring suit under Texas Rule of Civil
Procedure 185@); Marbach, 862 S.W.2d at 190 (finding that a
suit on a promissory note is not included in Rule 185=s definition of a
sworn account); Dunham v. Providian Nat. Bank, No. 14‑01‑00027‑CV,
2002 WL 192336, at *1 (Tex. App.CHouston [14th
Dist.] Feb. 7, 2002, no pet.) (not designated for publication) (noting that
Rule 185 does not apply to a credit card account which involves only an advance
of money).

Centurion attached the following requests for admissions to
its original petition which the return of service shows was hand delivered to
Landaverde on October 26, 2005:

(1)     Defendant [Landaverde] entered an agreement
whereby Plaintiff [Centurion] or Plaintiff=s original assignor extended credit to Defendant.

(2)     Defendant was extended credit on the account
or accounts the subject of this suit.

(3)     Plaintiff or Plaintiff=s original assignor extended credit
to Defendant for the purchase of goods, wares, merchandise or services or for
cash advances on the account or accounts the subject of this suit.

(4)     Defendant or another with permission of
Defendant accepted the credit extended for the purchase of the goods, wares,
merchandise, or services referred to in Request Number 03.

(5)     The prices charged for the goods, wares,
merchandise, or services referred to in Request Number 03 were the prices
agreed to by Defendant or another with permission of Defendant.








(6)     The prices charged for the goods, wares,
merchandise, or services referred to in Request Number 03 were the usual and
customary prices therefore at the time when delivered and in the county where
delivered.

(7)     The balance due and owing to Plaintiff from
Defendant on the account or accounts the subject of this suit is at least $
6353.38.

(8)     More than
thirty (30) days ago, Plaintiff presented to Defendant a demand for payment of
the outstanding balance stated in Request No. 07.

Landaverde
filed an answer (which included a certificate of service recitation) to
Centurion=s complaint on November 15, 2005 and included denials:
(1) that Centurion or its predecessors extended credit to him; and (2) that
Centurion demanded payment of the debt.  

Texas Rule of Civil Procedure 198.2 requires a party to
respond to a request for admission within 30 days, except that a defendant
served with a request before his answer is due has 50 days to respond to the
request.  Tex. R. Civ. P. 198.2(a). 
If a response is not timely served, the request is deemed admitted.  Id.
198.2(c).  Landaverde=s responses filed on November 15, 2005
were timely; therefore, those denials are given full effect.  The requests for
admissions which Landaverde did not respond to were deemed admitted.  See id. 
We must determine if Centurion established the elements of its suit through the
matters deemed admitted.   








In addition to its attempt at using the procedural vehicle
of Rule 185, Centurion sued under a breach of contract and quantum meruit
theory.  In order to prove a breach of contract claim, the plaintiff must
show:  (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of contract by the defendant; and (4)
damages to the plaintiff resulting from the breach.  Frost Nat=l Bank v. Burge, 29 S.W.3d 580,
593 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The elements of
quantum meruit are:  (1) the plaintiff rendered valuable services or furnished
materials; (2) for the party sought to be charged; (3) the party sought to be
charged accepted and enjoyed the services or materials; and (4) the party
sought to be charged had reasonable notice that the plaintiff, in performing
the services or providing the materials, expected payment.  Vortt Expl. Co.
v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990); Wohlfahrt v.
Holloway, 172 S.W.3d 630, 634 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied). 

The deemed admissions here do not support either of
Centurion=s claims.  As mentioned above, Landaverde timely
denied: (1) that he was extended credit from Centurion or any of its
predecessors, and (2) that Centurion demanded payment from him.  As a result, 
Centurion did not prove that it or its predecessors performed or tendered
performance to Landaverde.  See Burge, 29 S.W.3d at 593.  Landaverde=s denial that
Centurion or its predecessors extended credit to him negates the request
intended to show performance.  That same denial negates the quantum meruit
elements requiring Centurion to show that it rendered services or materials and
that Landaverde accepted such services or materials.  See Vortt, 787
S.W.2d at 944; Wohlfahrt, 172 S.W.3d at 634.  Consequently, Centurion
did not establish its suit through deemed admissions.  Therefore, there was no
basis on which the trial court could have granted summary judgment on Centurion=s claims.  We
sustain Landaverde=s first issue.

In his second issue, Landaverde argues that the trial court
erred in dismissing his plea in abatement which was based on Centurion=s alleged
incapacity to sue.  There is nothing in the record, however, to indicate that
the trial court granted a hearing on the issue or made any other type of ruling
regarding the issue.  Landaverde has therefore waived this issue for purposes
of this appeal.  Tex. R. App. P. 33.1;
Bossier Chrysler Dodge II, Inc. v. Rauschenberg, 201 S.W.3d 787, 798
(Tex. App.CWaco, 2006, pet. filed) (holding that a party filing a
verified pleading should seek a hearing on the issue).

In his third issue, Landaverde complains that the trial
court erred Awhen it ignored my motions to strike the evidence
introduced by the Plaintiff.@  Landaverde filed a motion to strike an
affidavit Centurion attached to its original complaint.  The record does not
reflect that the trial court ruled on this issue either, as Landaverde=s statement that
the trial court Aignored@ his motions seems
to indicate.  Landaverde has failed to preserve this issue for review.  Tex. R. App. P. 33.1.








In his fourth issue, Landaverde contends that the trial
court erred when it dismissed his counterclaim.  Landaverde filed a
counterclaim alleging Centurion violated the Federal and Texas Fair Debt
Collection Practices Acts.[2] 
Centurion did not address Landaverde=s counterclaim in
its motion for summary judgment.  Nevertheless, in its order granting summary
judgment, the trial court stated, AAll relief not
expressly granted herein is denied, as this judgment is appealable and finally
disposes of all parties and all claims in this cause of action.@  The supreme
court has provided, as an example of words indicating a trial court=s clear intent for
a judgment to be final, language essentially the same as the language in the
trial court=s order in this case.  See Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 206 (Tex. 2001) (stating that A[a] statement
like, >This judgment
finally disposes of all parties and all claims and is appealable,= would leave no
doubt about the court=s intention@ for a judgment to
be final).  Therefore, the trial court=s order was
final.  See Lehmann, 39 S.W.3d at 200 (holding that if the trial court=s intent to
finally dispose of the case is clear, then the order is final and appealable). 
The implication of that finality is that the trial court granted summary
judgment in favor of Centurion on Landaverde=s counterclaim. 
As mentioned above, however, Centurion did not raise the issue of Landaverde=s counterclaim in
its motion for summary judgment.  A judgment that grants more relief than a
party is entitled to is subject to reversal.  Id.  Thus, it was
reversible error for the trial court to grant summary judgment for Centurion on
a claim it did not raise in its motion for summary judgment.  We sustain
Landaverde=s fourth issue.








We reverse the trial court=s grant of summary
judgment in favor of Centurion on its claims and Landaverde=s counterclaim. 
We find, for purposes of this appeal, that Landaverde waived his complaints
regarding his plea in abatement and his motion to strike Centurion=s evidence.  We
remand these issues to the trial court for further proceedings consistent with
this opinion.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 28, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

 

 









[1]  While it is not clear from the record, it appears ADiscover@ is
a reference to Discover Financial Services (DFS), a prominent credit card
issuer, considering Centurion=s discussion in
its petition of a Acredit card account.@





[2]  In bringing his counterclaim, Landaverde asked for Athe standard monetary relief authorized@ by the Federal and Texas Debt Collection Practices
Acts.  Both Acts do, in fact, provide for damages in the event that one of the
provisions under those Acts is violated.  See 15 U.S.C. ' 1692k; Tex.
Fin. Code ' 392.403(a).    Therefore, it does not appear that
Landaverde intended to use his Acounterclaim@ merely as a defense to Centurion=s claims.