
FILED
June 9, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00561-CV
5480881
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/29/2015 10:12:44 PM
JEFFREY D. KYLE
CLERK

03-14-00561-CV

# IN THE COURT OF APPEALS OF TEXAS
# THIRD DISTRICT, AUSTIN

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/29/2015 10:12:44 PM
JEFFREY D. KYLE
Clerk

### DANA DUSCHMANN and KEVIN BIERWIRTH,
Appellants,

Vs.

### FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Appellee.

**On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court Cause No. C-1-CV-14-006351**

## APPELLANT'S REPLY BRIEF TO
## APPELLEE'S BRIEF

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750
(512) 825-0331

i

# IDENTITY OF THE PARTIES

**Appellant**

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750

**Appellee**

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE)

**Counsel for Appellee**

Brian P. Casey
Douglas G. Dent
6836 Bee Caves Road, Bldg. 3, Suite 303
Austin, TX 78746

# TABLE OF CONTENTS

Identity of Parties and Counsel...................................................ii

Table of Contents.....................................................................iii

Table of Authorities................................................................iv

Statement of Jurisdiction..........................................................1

Statement of Reply...................................................................1

Summary...............................................................................12

Conclusion.............................................................................13

Certificate of Service...............................................................13

Certificate of Compliance.........................................................14

Certificate of Conference.........................................................14

# TABLE OF AUTHORITIES

## Cases

*Callan v. Deutsche Bank Trust Company Americas*, No. 4:13-CV-247,
(Dist. Ct. SD Texas 2014).............................................................7,9, 11

*Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex.Civ.App.—Galveston 1939)......8

*Hammann v. H.J.McMullen & Co.*, 122 Tex.476, 62 S.W.2d 59, 61 (1933)...8

*Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562 (Tex.2001)......7, 11

*McLemore v. Pacific Southwest Bank*, 872 S.W.2d 286, 292
(Tex. App.-Texarkana 1994...............................................................8

*Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990)...............8

*Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982)..............8

*Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex.1991)...........8

*Swedlund v. Banner*, 970 S.W.2d 107, 111
(Tex.App.—Corpus Christi 1998, pet. denied).....................................7

*Corp. v. Lesikar*, 777 S.W.2d 559, 563,
(Tex.App.-Houston [14th Dist.] 1989)..............................................8

## Statutes

Tex. Civ. Prac. & Rem.Code § 16.035(b)............................................8

Tex. Civ. Prac. & Rem.Code § 16.035(d)............................................8

Tex.Civ.Prac. & Rem. Code §16.035(e)..............................................7

Texas Civil Practice & Remedies Code § 51.012....................................1

Texas Property Code §24.007..........................................................1, 4

Tex.R.Civ.P 309...............................................................................11, 12

Tex.R.Civ.P 310...............................................................................11, 12

Tex.R.Civ. P. 510.13.................................................... ...1,4,11

Texas Constitution

Art. 1, Sec. 3...............................................................................3

Art. 1, Sec. 3a...............................................................................3

Art. 1, Sec. 9...............................................................................3

Art. 1, Sec. 13...............................................................................4

Art. 1, Sec. 19...............................................................................3

Art. 1, Sec. 28...............................................................................3

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal pursuant to the Texas Constitution and Texas Civil Practice & Remedies Code § 51.012.

## APPELLANT'S REPLY TO APPELLEE'S BRIEF

Appellant is confused. Counsel for Fannie Mae starts off by stating that the appeal is moot, as Appellant has been dispossessed of the property in question. Then, when he summarizes, he says, the failure to set a supersedeas bond amount does not deprive Appellants of their right to due process, or their ability to perfect this appeal. Those appear to be diametrically opposed statements.

What counsel means is, although the writ of possession which issued on the 6th day from a court which is required by law to stay the action until after the 10th day, is an absolute violation of Tex.R.Civ.P and Texas Property Code, yet, Appellant has no right to have the court review the error on appeal, because he's not in the property any longer, so what does it matter.

Appellant asserts that not only was there fraud on the court, there was fraud by the court. Appellant cannot be deprived of his right to challenge the fraud. It is always a relevant issue.

The appeal is not moot. The question is, did Fannie Mae have the right to issue a writ of possession in less than the ten day limit that is extended to Bierwirth by both Tex.R.Civ. P. 510.13 and the Texas Property Code §24.007.

1

The answer is no.

The failure to set a supersedeas bond amount deprived Bierwirth of possession, as he could not stay the execution as he would have had he been given an amount to post. The failure to set a hearing in order to set the bond amount prior to issuance of the writ is a denial of due process and deprivation of rights enumerated by the Bill of Rights of the Texas Constitution.

Appellant can find no cases, not even one, where the issue of failure to set a supersedeas bond is discussed. Appellant asserts that this may be the first time that issue has been dealt with on appeal as it is a duty and obligation of the county court judge to set a supersedeas bond.

All cases Appellant can find deal with failure to place the bond in the court registry before the requisite ten days. This would lead Appellant to believe that the setting of a supersedeas bond is not discretionary but is the duty and obligation of any judge presiding in county court in a forcible detainer hearing. Appellant asserts that this is not an oversight or error on the part of Judge Sheppard, this is a denial of Appellant's right to due process, equality under the law, equal rights, deprivation of property without due process and an act closing the court to Appellant when he asked for remedy. All violations of the Bill of Rights of the Texas Constitution.

2

Appellant would notice the court of the inappropriate and misleading assertion in Appellee's brief. On page 11 Appellee writes: "On May 30, 2013, Bierwirth used his status as a realtor to access the property with a special key provided by FNMA only to realtors. "

This is a fact not in evidence, and untruth and when Jeffry Becker Lewis filed a complaint with the Texas Real Estate Commission, it was investigated by TREC and Bierwirth was cleared of the charges and of any wrong doing concerning entry of the property. Since Bierwirth had never been lawfully evicted, he maintained the right of possession.

Appellant asserts the following:

The Court committed numerous violations of the Texas Constitution Bill of Rights. Including Sec. 3, equal rights, Sec. 3a, Equality under the law, Sec. 9, unreasonable seizure, and Sec. 19, Deprivation of Life, Liberty, Etc.; Due Course of law. When the due course of law was denied to Bierwirth, the courts were closed to him, and when the judge set no bond amount, he deprived Appellant of the right to property, by removing the remedy he was entitled to in order to stay the writ. The court banned Bierwirth from access to the law which for Bierwirth was a suspension of the laws as they applied to him. Sec. 28, Suspension of laws. No power of suspending laws in this State shall be exercised except by the Legislature.

The day after the hearing for judgment, August 8, 2014, a Motion for supersedeas bond was filed in the court and Appellant attempted to set a hearing date. The Court refused to set a timely hearing.

When an untimely writ was requested to issue on the 6th day after judgment, the Court defied its mandate to uphold the law by staying the writ for the mandatory 10 days after judgment. The Court either committed error or conspiracy to deprive Appellant of property.

Was Bierwirth dispossessed by fraud or fraudulent process?

Can the Court by judicial fiat, change the rules promulgated by the Texas Supreme Court and the statutes enacted by the Texas Legislature? Tex.R.Civ.P 510.13 states that the judgment of the court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Sec. 24.007 of the Texas Property Code.

The law, Texas Property Code Sec. 24.007, clearly reads: A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."

By not allowing and refusing to set a hearing for the supersedeas bond amount, the Travis County Court at Law #2 closed the courts to Bierwirth in violation of the Texas Constitution Art. 1, Sec. 13.

4

Was Bierwirth extended equality under the law or was a Fannie Mae, a corporation, extended more equal rights, making it first among equals. The answer is yes, Fannie Mae received unequal and superior treatment, in violation of Appellant's rights.

Bierwirth is well aware of the rumors, innuendos and ad hominem attacks on his name behind the scenes by attorneys and judges alike. Bierwirth is well aware of the attitude of the courts when he files motion in a court. Bierwirth is well aware that he has been vilified by judges and attorneys alike for exercising every single right to which he is entitled in his fight to keep and preserve his property.

Because he is intent on fighting for his rights, something that is frowned on by bar members, Bierwirth is persecuted, not privy to the law and his statutory rights are not upheld. This constitutes absolute prejudice. Prejudice of this magnitude should not be allowed in Texas.

## THE TWO YEAR STATUTE OF LIMITATIONS FOR FORCIBLE DETAINER

When forcible detainer courts began receiving defenses of two-year statute of limitations, it is obvious that a state wide judicial conference was held in order for all judges to unanimously determine that the 2 year statute of limitations will not be allowed to litigants who have had possession of their houses for more than two years after an initial Notice to Vacate was sent by the mortgage company.

The 2 year statute of limitations on forcible detainers is the law in Texas and has been since 1841. The only question is the accrual of action. Judges obviously came away from the judicial conference having pledged not to allow the original Notice to Vacate to trigger the statute of limitations. Rather, they promised to stand as one mind that the accrual of action is triggered each and every time a notice to vacate is sent to the detainee. The judges have determined to treat the tenants at sufferance as renters whereby each time a notice to pay rent is sent begins a new action. This is a shocking concept and a rescindment of the law, however, segments of the public are aware of these judicial conferences called to resolve troublesome issues. The result: judges are making law from the bench by judicial fiat. The judges who engage in this practice are not upholding the law as enacted by the Texas legislature, rather they have broken the separation of powers which is the basis of all Republics, and thrown themselves into the legislative business. Judges are now making law from the bench. This is nothing less than a conspiracy to subvert the law.

This principle is abhorrent, intolerable and a sign of the corruption and disease that has invaded the Texas judiciary. No longer can one rely on the statutes enacted by the Texas Legislature. There is no law, at least in Texas courtrooms there is no rule of law which is extended to a non-attorney litigant.

There exists pure anarchy in a court which ignores the legislative branch of the government and tramples its enactments.

As an example of actual accrual of action, Appellant cites two cases dealing with the 4 year statute to collect a real property debt; *Callan v. Deutsche Bank Trust Company Americas*, No. 4:13-CV-247, (Dist. Ct. SD Texas 2014), and *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex.2001).

*First Holy Cross*: the opinion hinges on when the cause of action accrued in a four year statute of limitations case. The *Holy Cross* court stated: "absent evidence of abandonment or a contrary agreement between the parties, a clear and unequivocal notice of intent to accelerate and a notice of acceleration is enough to conclusively establish acceleration and therefore accrual. Thus, we conclude the Church did conclusively prove when the Church's note was accelerated, and consequently, when Wolf's cause of action accrued. We also conclude that the Texas four-year limitations period applies here.

The court further opined: "By statute, if a series of notes or obligations or a note or obligation payable in installments s secured by a lien on real property, limitations does not begin to run until the maturity date of the last note, obligation, or installment. Tex.Civ.Prac. & Rem. Code §16.035(e); *Swedlund v. Banner*, 970 S.W.2d 107, 111 (Tex.App.—Corpus Christi 1998, pet. denied)." "Rather, the action accrues only when the holder actually exercises its option to accelerate."

7

*Hammann v. H.J.McMullen & Co.*, 122 Tex.476, 62 S.W.2d 59, 61 (1933); *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex.Civ.App.—Galveston 1939), writ ref'd). Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. *See Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex.1991); *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982) Under state law, a sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later than four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem.Code § 16.035(b); *McLemore v. Pacific Southwest Bank*, 872 S.W.2d 286, 292 (Tex. App.-Texarkana 1994, writ dism'd by agr.). When this four-year period expires, the real-property lien and the power of sale to enforce the lien become void. Tex. Civ. Prac. & Rem.Code § 16.035(d). The court of appeals correctly noted that when a cause of action accrues is a question of law, not fact. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990).

While accrual is a legal question, whether a holder has accelerated a note is a fact question to which parties may, and in this case did, agree. *See, e.g., McLemore*, 872 S.W.2d at 291 (treating whether "note was accelerated, and when" as fact question); *Texas Airfinance Corp. v. Lesikar*, 777 S.W.2d 559, 563 (Tex.App.-Houston [14th Dist.] 1989, no writ) (treating whether promissory note had been accelerated as fact question).

"The parties here agreed about the date the note was accelerated and the summary judgment evidence conclusively established the note's acceleration date. The court of appeals erred in holding that an optional acceleration clause cannot be effectively exercised without specific affirmative steps towards foreclosure. Rather, absent evidence of abandonment or a contrary agreement between the parties, a clear and unequivocal notice of intent to accelerate and a notice of acceleration is enough to conclusively establish acceleration".

*Callan v. Deutsche Bank Trust Company Americas,* No. 4:13-CV-247, (Dist.Ct. SD Texas 2014::

On November 6, 2007, Deutsche sent Callan notice that it had elected to accelerate the maturity of the Loan. 2007 Notice of Acceleration (Doc. 12-1 p. 25-26). Deutsche sent a second formal notice of acceleration on July 8, 2008.

On November 3, 2011, Deutsche sent Callan a notice of rescission of acceleration of Loan maturity stating:

Mortgagee under the Deed of Trust referenced below hereby rescinds the notice of acceleration dated December 17, 2008 and all prior notices of acceleration. Mortgagee further agrees that Borrower may continue to pay the indebtedness due Mortgagee pursuant to the terms of the debt secured by the Deed of Trust.

On November 3, 2011, Deutsche sent Callan a notice of rescission of acceleration of Loan maturity stating:

Mortgagee under the Deed of Trust referenced below hereby rescinds the notice of acceleration dated December 17, 2008 and all prior notices of acceleration. Mortgagee further agrees that Borrower may continue to pay the indebtedness due Mortgagee pursuant to the terms of the debt secured by the Deed of Trust.

The Conclusion: DECLARED that Defendant Deutsche Bank National Trust Company's lien on Plaintiff's property at 4818 Bayou Vista Drive, Houston, Texas 77091 is EXPIRED and VOID.

In other words, in the *Callan* case, Deutsche tried to set a new accrual of action by sending a later dated acceleration notice, trying to fool the court into thinking that the later letter started the time anew. The Callan court said, no, once the time started to tick, it continued to tick, you can't fool us by sending a letter of rescission of acceleration into believing a new date for accrual of action was created.

If one takes these cases and applies two-years where one sees four-years, and substitutes the Notice to Vacate for Letter of Acceleration, we have the same law and what should be the same results in the Courts.

When the *Holy Cross* and *Callan* cases were determined, the judges saw that the Notice of Acceleration had been sent and a foreclosure did not occur within 4 years, and the mortgage company lost its claim through estoppel.

Both cases should be read to see the full impact of the similarities and intervening notices between the two-year and four-year issues. There really is no difference between those cases and this one before this court. When the first letter of Notice to Vacate is sent, the party has 2 years in which to vacate the detainee, or the matter is estopped by limitations. To entertain a "new twist" to an old law is to continue to subvert the true course of justice.

Remember, the legislature enacts the laws, the Supreme Court promulgates the rules and the Courts uphold the law and rules.

### Tex.R.Civ.P 310 writ

Once again, Appellant points out to the court the folly of serving a writ based on Rule 310 without following the mandates of Rule 309. A writ based on a 309 judgment seizes a property for payment of debt, damages and costs. The property is seized by the constable or sheriff who then auction the property in order to obtain the money judgment of a court.

The misuse of the 310 writ, as in this case, cannot be arbitrarily ordered in a summary judgment and the recipient of the judgment proceed to non-judicial foreclosure as though the 310 writ had any validity.

The summary judgment in the underlying case on this property was not judgment for money or repayment of a lien. The summary judgment granted the right to foreclose. It doesn't come with a 310 writ, that process has to be obtained by the normal channels, a forcible detainer action.

Counsel is sorely mistaken when he believes he can obtain an automatic writ of possession as part of a summary judgment which has as its basis, an order to proceed to foreclosure, by writing: "IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Judgment shall have all the force and effect of a writ of possession in favor of TIB and that this Court shall issue all necessary orders to effectuate same pursuant to Rule 310 of the Texas Rules of Civil Procedure."

The summary judgment process did not meet the criteria of Tex.R.Civ.P. 309, and the writs that issued under 310 were worthless and of no effect.

## SUMMARY

Appellant was denied the a supersedeas bond amount, Appellant was denied the right to a hearing to set the bond, Appellant was served with unlawful and untimely writ of possession, a denial of due process, Appellant was served with a 3 day notice to vacate on June 30, 2011, which started the accrual of the action. Appellant has never been properly dispossessed of his property with a valid, timely issued, effective writ of possession.

12

## CONCLUSION

Kevin Bierwirth is requesting this Court to not only uphold his rights and rule on the errors or frauds of the Court, but to further decide that the two-year statute of limitations barred the possession, and the writ was wrongful.

Respectfully submitted,

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750
(512) 825-0331

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Appellant's Reply to Appellee's Brief was sent by U. S. Postal Service on May 29, 2015 to:

Brian Casey
Douglas G. Dent
6836 Bee Caves Road, Bldg. 3, Suite 303
Austin, TX 78746

13

## CERTIFICATE OF COMPLIANCE

I, Kevin Bierwirth, certify that the number of words in this Appellant's Reply to Appellee's Brief is 2,953 words.

## CERTIFICATE OF CONFERENCE

On May 29, 2015, an attempt was made to confer with Douglas G. Dent, attorney for Appellee, in order to confer as to this Reply but I was unable to reach Mr. Dent.